UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:    1:15cr28/AW/GRJ
                                                     1:19cv59/AW/GRJ

CURTIS KENNEDY WILLIAMS
     Reg. No. 23751-017

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ECF No. 178.   The Government has filed a response, ECF No. 181, and Petitioner filed a reply. ECF No. 183.[1]   The undersigned also granted, in part, Petitioner's motion to amend, permitting him to add a single additional claim. ECF Nos. 186, 187.   Thereafter, the Government filed a "Response to Defendant's Grounds Five and Nine Claims (sic) in his Motion and Amended Motion. . ." conceding that Petitioner is entitled to resentencing. ECF No. 188.   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the

---

[1] Petitioner filed a pleading titled "Defendant's response to Government's opposition in Regards to Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Federal Inmate.   (ECF No. 185.)   Pages two through four of this document were already submitted as part of ECF No. 183 (pages four through six).

district court regarding dispositive matters.    *See* N.D. Fla. Loc. R. 72.2(B);

*see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).    After a review of the

record and the arguments presented, the Court concludes that the

Petitioner's motion should be granted in part as set forth herein.

## BACKGROUND and PROCEDURAL HISTORY

On November 17, 2015, a grand jury returned a three-count

indictment charging Petitioner Curtis Kennedy Williams ("Williams") and co-

defendant Shakayla Nicole Taylor with crimes arising from the kidnapping

of an adult female identified as N.J.    ECF No. 1.    Count One charged the

defendants with kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 2;

Count Two charged the defendants with possession of a firearm in

furtherance of a crime of violence, identified as kidnapping in violation of 18

U.S.C. § 924(c)(1)(A) and 2, and Count Three charged Williams with

possession of a firearm by a convicted felon in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).    Williams, who was represented by Assistant

Federal Public Defender Darren Johnson at the time, was ordered detained

pending trial.    ECF Nos. 19, 23.

After several continuances, on July 15, 2016, co-defendant Taylor

entered a guilty plea before the undersigned. ECF Nos. 59-63, 65.

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

Williams' two-day trial commenced on July 26, 2016. ECF Nos. 140-141.

The victim, N.J., arrived to testify in the cold courtroom wearing a jacket

she had borrowed from the Alachua County Sheriff's Office victim

advocate.    The words "Victim Advocate" appeared on the back and

"Alachua County Victim Advocate Sheriff's Office" on the front.    After the

defense brought the jacket to the court's attention, the judge asked the jury

to leave the courtroom and directed N.J. to remove the jacket.    Williams

moved for a mistrial.    The Court denied the motion, instead issuing a

general curative instruction before N.J. testified.    ECF No. 140 at 56-68.

Co-defendant Taylor, who had been in a relationship with Williams at the

time of the events in question, was also among the witnesses who testified

against him.    The jury found Williams guilty on all counts.    ECF No. 76.

        As summarized in the PSR,[2] and in the Eleventh Circuit's opinion on

appeal, Williams and N.J. dated for approximately four years, and in March

2015 they had a child together.    After the birth of their child, N.J. broke up

with Williams because he was physically abusive and had been seeing

---

[2] *See United States v. Beckles*, 565 F.3d 832, 843-44 (11th Cir. 2009) ("PSR [facts] are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity").

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

another woman, co-defendant Taylor.    On October 19, 2015, N.J. dropped

their son off at day care and went to class at City College in Gainesville,

Florida.    While in class, she received a call from the day care facility

advising that Williams wanted to see their son.    N.J. told the day care

center and Williams that Williams was not allowed to see their child.

Williams and Taylor then drove to the campus where N.J. was attending

class.    N.J. left class to talk to Williams, who put her in a chokehold and

dragged her towards the vehicle.    Taylor, who was waiting inside, opened

the door to enable Williams to force N.J. into the car.    To subdue N.J.,

Williams brandished a pistol, choked and bit N.J., and threatened her. He

also fired the gun inside the vehicle.    Taylor stopped at one point for gas,

and Williams took N.J. into a wooded area where he raped her at gunpoint.

After arriving in Louisiana, Williams forcibly took N.J. into his and Taylor's

apartment.    Law enforcement discovered N.J.'s location and began

surveillance on the apartment complex.    When Williams left the apartment

to clean the interior of the car, he was arrested.    N.J. then fled from the

apartment towards the police, telling them that Taylor was still inside the

apartment and there might be a gun inside.    Officers entered the

apartment and arrested Taylor.    A search warrant revealed a gun in the

apartment and a spent shell casing and bullet hole in the back seat of the

vehicle.

There were multiple revisions to Williams' Presentence Investigation

Report.    *See* ECF Nos. 89, 95, 96, 107, 115.    The Fourth Final

Presentence Investigation Report ("PSR") controls.    In this PSR, Counts

One and Three were grouped for guidelines calculation purposes. ECF No.

115, PSR ¶ 26.    Williams had a base offense level of 32, and with a six-

level increase due to the sexual assault of N.J., his total offense level

became 38.    (PSR ¶¶ 27-37.)    His criminal history category was IV,[3]  and

the guideline imprisonment range was 324 to 405 months.    (PSR ¶¶ 50,

51, 97.)    A ten-year consecutive mandatory minimum applied to Count

Two.    Williams faced a statutory maximum term of life imprisonment on

Count One, a minimum term of ten years and a maximum of life on Count

Two (to be served consecutively to any other counts), and a maximum term

of ten years on Count Three, in addition to supervised release on all

---

[3] Points were assessed for two other incidents of domestic battery against women with whom Williams shared a child.   (ECF No. 115, PSR ¶¶ 41, 43.)   It is not clear whether N.J. was the victim in those cases as well, because Williams has at least three children with different women.   (PSR ¶¶ 74, 75.)

counts, a special monetary assessment and a potential fine.    ECF No.
115, PSR ¶¶ 95, 96.

Attorney Gilbert Schaffnit was substituted for trial counsel Darren
Johnsen on October 11, 2016.    ECF Nos. 92, 93.    At the May 3, 2017
sentencing, Williams maintained his innocence and expressed his
satisfaction with his new attorney, but he made no specific objections to the
calculation of the guidelines.    ECF No. 143 at 3, 9.    The defense argued
that a sentence at the low end of the guidelines was appropriate, noting
that despite his criminal history, Williams had never served time in prison.
The Court, nonetheless, sentenced Williams to 405 months of
imprisonment on Count One, a consecutive term of 120 months on Count
Two, and a concurrent 120-month term on Count Three.    ECF Nos. 119,
120; ECF No. 143 at 31-36.

Williams unsuccessfully appealed.    ECF No. 159.    He claimed he
was denied a fair trial because the jury may have been prejudiced against
him when the jurors saw N.J. wearing the "victim advocate" jacket and that
the Court should have granted his motion for a mistrial.    The Eleventh
Circuit found no abuse of discretion.    Williams also argued that the
Government should not have been allowed to introduce Rule 404(b)

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

evidence of prior crimes and bad acts, specifically N.J.'s and Taylor's testimony about crimes committed by Williams during their relationships with him and during the kidnapping.   The Eleventh Circuit found no plain error, and further found even if the district court had plainly erred, the abundant evidence of Williams' guilt precluded a finding that the outcome of the proceedings would have been different but for the admission of the challenged testimony.

As amended, Williams' § 2255 petition contains six grounds for relief. He claims counsel was ineffective in five respects:

1. Failure to object to Rule 404(b) evidence introduced through the testimony of N.J. and co-defendant Taylor;
2. Failure to object to questions posed to N.J. that were leading or related to another uncharged crime;
3. Failure to object to prosecutor's burden-shifting comment, in closing, that Williams had not addressed certain aspects of the case;
4. Failure to object to the application of the six-level enhancement for sexual exploitation; and
5. Failure to object to his conviction on Count 2 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

ECF No. 178.   His last claim, Ground Nine of his amended motion, is that his conviction on Count 2 should be overturned because kidnapping is not

a crime of violence under § 924(c), relying on *United States v. Davis*, 139 S. Ct. 2319 (2019).

The Government concedes that Williams is entitled to relief based on the arguments raised in Grounds Five and Nine, and that he should be resentenced.   ECF No. 188.   It opposes Williams' request for relief on the remaining grounds.

## **ANALYSIS**

### ***General Standard of Review Applicable to all Claims***

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d

1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion that have been resolved on direct appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.   *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits

can be reviewed without further factual development."   *Lynn*, 365 F.3d at
1232 n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the
ground of error was unavailable on direct appeal, a court may not consider
the ground in a section 2255 motion unless the defendant establishes (1)
cause for not raising the ground on direct appeal, and (2) actual prejudice
resulting from the alleged error, that is, alternatively, that he is "actually
innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations
omitted).

Ineffective assistance of counsel claims generally are not cognizable
on direct appeal and are properly raised by a § 2255 motion regardless of
whether they could have been brought on direct appeal.   *Massaro v.
United States*, 538 U.S. 500, 503 (2003); *see also United States v. Campo*,
840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a claim of
ineffective assistance of counsel, a defendant must show (1) his attorney's
representation fell below "an objective standard of reasonableness," and
(2) a reasonable probability exists that, but for counsel's unprofessional
conduct, the result of the proceeding would have been different.
*Strickland v. Washington*, 466 U.S. 668, 687 (1984).   "The burden of
persuasion is on a section 2255 petitioner to prove, by a preponderance of

the competent evidence, both that counsel's performance was

unreasonable, and that [ ]he was prejudiced by that performance." *Demar*

*v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks,

brackets, and citations omitted)[4]; *see also Johnson v. Alabama*, 256 F.3d

1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on

the 'performance' prong as well as the 'prejudice' prong of a *Strickland*

claim, and both prongs must be proved to prevail.").

In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances." *Strickland*, 466 U.S. at

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th

Cir. 2007). Reviewing courts "must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable professional

assistance." *Strickland*, 466 U.S. at 689; *see also Chandler v. United*

*States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption

of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

error-free representation").    To show counsel's performance was

unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take."    *Gordon v. United*

*States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.

To establish prejudice, a defendant must show that, but for counsel's

deficient performance, the outcome of the proceeding would have been

different.    *Strickland*, 466 U.S. at 694.    "The likelihood of a different result

must be substantial, not just conceivable."    *Harrington v. Richter*, 562 U.S.

86, 112 (2011) (quoting *Strickland*).    For the court to focus merely on

"outcome determination," however, is insufficient; "[t]o set aside a

conviction or sentence solely because the outcome would have been

different but for counsel's error may grant the defendant a windfall to which

the law does not entitle him."    *Lockhart v. Fretwell*, 506 U.S. 364, 369–70

(1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir.

2010).    A defendant therefore must establish "that counsel's errors were

so serious as to deprive the defendant of a fair trial, a trial whose result is

reliable."    *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

Or in the case of alleged sentencing errors, a defendant must demonstrate

that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.    *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance.    *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020) (citing *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Hollis v. United States,* 958 F. 3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue.    *See, e.g.*, *Lattimore v. United States*, 345 F. App'x 506,

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28

U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir.

2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).

Not every claim of ineffective assistance of counsel warrants an evidentiary

hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d

707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must

allege facts that, if true, would prove he is entitled to relief.   *See*

*Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A

hearing is not required on frivolous claims, conclusory allegations

unsupported by specifics, or contentions that are wholly unsupported by the

record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th

Cir. 2014) (explaining that "a district court need not hold a hearing if the

allegations [in a § 2255 motion] are . . . based upon unsupported

generalizations") (internal quotation marks omitted); *Peoples v. Campbell*,

377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to

nothing more than conclusory allegations do not warrant a hearing.   *Lynn*,

365 F.3d at 1239.   Finally, disputes involving purely legal issues can be

resolved by the court without a hearing.

### ***Grounds Five and Nine—Viability of Conviction on Count Two***

The Court first considers the claims affording Williams relief.

Grounds Five and Nine of Williams' submissions challenge the continued viability of his conviction on Count Two, possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2.    He contends that kidnapping is not a crime of violence and cannot serve as a predicate act for such a conviction.    In Ground Five, he asserts first that the residual clause of § 924(c)(3)(B) is unconstitutionally vague and second that kidnapping is not encompassed within § 924(c)(3)(A).    ECF No. 178 at 10, *citing Johnson v. United States*, 135 S. Ct. 2551 (2015); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).)    In Ground Nine, Williams makes a variation of the same argument, relying on the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319 (2019).

The term "crime of violence" is defined in § 924(c)(3) as either a felony that "has as an element the use, attempted use or threatened use of physical force against the person or property of another (the "elements clause"), or a felony that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense (the "residual clause").    18 U.S.C. § 924.

In the seminal *Johnson* case, the Supreme Court invalidated the residual clause contained in the Armed Career Criminal Act ("ACCA"), 18

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

U.S.C. § 924(e)(2)(B)(ii).   *Johnson*, 135 S. Ct. 2551.   Three years later

the Court held that the nearly identical residual clause in 18 U.S.C. § 16(b)

was unconstitutionally vague.   *Dimaya*, 138 S. Ct. 1204.   Finally, in 2019,

the Supreme Court invalidated the residual clause in § 924(c)(3)(B).

*Davis,* 139 S. Ct. at 2336.   Like its predecessor cases, *Davis* undermined

neither the elements clause of § 924(c)(3)(A) nor the definition of "drug

trafficking crime" contained in § 924(c)(2).   *See United State v. Hunter,*

749 F. App'x 811, 813 (11th Cir. 2018).

     To succeed on a residual clause challenge in this circuit, a petitioner

must show it is more likely than not that the residual clause, and only the

residual clause, was the basis for his § 924(c) conviction.   *See Beeman v.*

*United States*, 871 F. 3d 1215, 1222 (11th Cir. 2017) (holding that, to prove

a *Johnson* claim, the defendant must show it was more likely than not that

the ACCA's residual clause was the basis for his enhanced sentence.).

To make this determination, the court may look to the record or to the law

in existence at the time of the petitioner's conviction.   *Id.* at 1222-24 & n.5.

For instance, if the law was clear at the time of a petitioner's conviction that

the predicate conviction was a crime of violence only under the residual

clause, "that circumstance would strongly point to a sentencing per the

residual clause." *Id.* at 1224, n. 5.

In this case, it is not clear from either the record or prevailing law that the Court relied only on the residual clause.   Indeed, there is case law predating Williams' conviction that suggests the Court would have considered kidnapping to be a "crime of violence."   *See United States v. Salemi*, 26 F. 3d 1084, 1087 (11th Cir. 1994) (holding that kidnapping qualifies as a crime of violence under the elements clause of the guidelines because it "inherently involves the threat of violence.")   Thus, lacking conclusive evidence of exclusive reliance on the residual clause, Williams cannot meet his burden, *Beeman*, 871 F. 3d at 1225, and no relief is warranted on his stand-alone *Davis* (residual clause) claim.

The inquiry does not end there.   Williams' submissions also contain a claim that his § 924(c) conviction is unlawful because kidnapping does not qualify as a crime of violence under the elements, or "force," clause. (*See* ECF No. 178 at 10, 186 at 4.)   This is distinct from a claim based solely on the invalidation of the residual clause.   *See Beeman*, 871 F. 3d at 1220 (distinguishing a *Johnson*-based challenge to an ACCA predicate, which focuses on the residual clause, from a claim that petitioner was erroneously sentenced under the elements clause).   A petitioner typically

cannot use a timely residual clause challenge based on new precedent as

a portal to reopen the question of whether a predicate offense qualifies

under the elements clause.    *In re Hires*, 825 F. 3d 1297, 1303 (11th Cir.

2016).    Because the government, however, agrees that Williams'

kidnapping conviction does not qualify as a crime of violence after *Davis*, it

has expressly waived any applicable affirmative defenses, including

timeliness and procedural default.    (ECF No. 188 at 4, n.2 and 7 (*citing*

*McCoy v. United States*, 266 F. 3d 1245,1258-59 (11th Cir. 2001); *Day v.*

*McDonough*, 547 U.S. 198, 210 (2006)).)

The Eleventh Circuit has squarely held that kidnapping in violation of

18 U.S.C. § 1201(a) does not qualify as a "crime of violence" because it

may be accomplished without the use of physical force.    *United States v.*

*Gillis*, 938 F. 3d 1181, 1205-10 (11th Cir. 2019) (considering whether

kidnapping is a "crime of violence" for purposes of 18 U.S.C. § 373);

*Williams v. United States*, 985 F. 3d 813, 820 (11th Cir. 2021) (noting that it

was "possible" and "maybe even highly likely" that the court would hold that

federal kidnapping does not satisfy the elements clause of the ACCA).

Thus, federal kidnapping cannot qualify as a "crime of violence" under

§ 924(c)(3)(A).    Furthermore, since *Davis* invalidated the residual clause in

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

§ 924(c)(3)(B) as void for vagueness, kidnapping does not qualify as a

crime of violence for purposes of § 924(c).    Therefore, as the Government

concedes, Williams' conviction and sentence on Count Two must be

vacated and he is entitled to resentencing.

The Government concurs with Williams' request that the Court vacate

and set aside his sentence on Count Two and resentence him on the

surviving counts.    The Government says a full resentencing is warranted

because absent the § 924(c) conviction, Williams' sentence does not take

into account the aggravating circumstances of his brandishing and

discharge of the firearm during the offense conduct.    ECF No. 188 at 12.

Merely vacating the consecutive 120-month term on Count Two without

revisiting the sentences imposed on Counts One and Three would not

comport with the directive of § 3553(a) And a reduced sentence based

upon the legal fiction that the kidnapping *could have* been premised on the

use of non-physical force would afford Williams a windfall to which he is not

entitled. Accordingly, the Court should conduct a resentencing on Counts

One and Three after vacating and setting aside the sentence on Count

Two.

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

### *Ground One—Failure to Object to 404(b) evidence*

Williams' four remaining claims are standard ineffective assistance of counsel claims.   First, Williams contends that counsel should have objected to the Rule 404(b) evidence introduced at trial through the testimony of N.J. and co-defendant Taylor about "an alleged uncharged sexual assault, alleged domestic abuse and other uncharged crimes." ECF No. 178 at 4.

The propriety of the admission of this evidence was addressed by the Eleventh Circuit on appeal.   The Eleventh Circuit found the evidence in question was admissible to show, for instance, Williams' motive for the kidnapping and to explain Taylor's motive for participating in the scheme. ECF No. 159 at 10-11.   The Eleventh Circuit also found Williams had failed to show that if the district court erred in admitting the evidence that there was a reasonable probability that but for the error the outcome would have been different.   *Id.* at 12.   Williams attempts to defeat the procedural bar by framing his claim as one of ineffective assistance of counsel.   The same analysis, however, is fatal to Williams' ineffective assistance of counsel claim.   He cannot show that counsel was constitutionally ineffective for not objecting to the evidence in question because he cannot

show prejudice.   The district court could have overruled his objection

finding the evidence to be relevant to show motive or intent.   Counsel is

not constitutionally deficient for failing to preserve or argue a meritless

claim.   *Hollis,* 958 F. 3d at 1124.   Or, alternatively, even if the objection

had been sustained, Williams has not shown that the outcome of the

proceedings would have been different in light of the abundant evidence

against him.   He thus cannot show prejudice under *Strickland*.   Counsel's

lack of objection did not deprive Williams of a fair trial, *see Lockhart*, 506

U.S. at 369, and no relief is warranted.

### ***Ground Two—Failure to object to improper questions of N.J.***

Williams next contends counsel was constitutionally ineffective

because he did not object to leading questions the Government posed to

N.J. during direct examination.   Williams is correct that the Government

used leading questions to elicit N.J.'s testimony about whether, in her

opinion, Williams had violated a court order by seeking her out at her

university, how Williams sexually assaulted her, and whether he used a

condom *See* ECF No. 140 at 84, 93, 94.   Williams, however, has not

shown that counsel's performance was constitutionally deficient.

Under Rule 611(c) of the Federal Rules of Evidence, leading

questions may be used on direct examination to develop the witness's

testimony.   Even if the Court had sustained a defense objection to the

format of the questions, the Government could have reframed its inquiry to

elicit the same information.   In short, counsel was not ineffective for failing

to make a meritless objection that would not have altered the outcome of

the proceedings, and no relief is warranted.   *See Hollis*, 958 F. 3d at 1124.

### ***Ground Three—Comment on Williams' Right to Remain Silent***

Third, Williams complains counsel should have objected to alleged

"prosecutorial misconduct" during closing arguments.   He asserts the

Government improperly commented on his constitutional right to remain

silent and shifted the burden of proof by stating "Defendant (sic) has not

addressed any of the things that I discussed with you" in reference to call

logs, voice mail, and rape allegations.   (ECF No. 178 at 6-7; ECF No. 141

at 166-167.)   Williams' allegations evidence a misunderstanding of the

remarks in question.   The Government's statement in closing was directed

not to Williams himself, or his failure to testify, but rather to the defense's

failure to rebut the evidence in the defense's closing argument.   There was

no comment on William's right to remain silent and, therefore, he is not

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

entitled to relief.   *See Hollis*, 958 F. 3d at 1124; *Chandler*, 240 F.3d at 917 (counsel not ineffective for failing to object to "innocuous" statements by prosecutor).

### ***Ground Four—Failure to object to guidelines enhancement***

Williams' last ineffective assistance of counsel claim is that counsel should have objected to the application of the six-point enhancement for sexual exploitation of the victim.   ECF No. 178 at 8.   The facts supporting the application of this enhancement were established by a preponderance of the evidence through the testimony of N.J. and co-defendant Taylor at trial.   Although counsel did not file any objections, the Court noted at sentencing that it could have made factual findings that would support the guidelines enhancement and calculations.   ECF No. 143 at 8.   Thus, counsel was not constitutionally ineffective for failing to make a meritless objection.   *Lattimore,* 345 F. App'x at 508; *Brownlee*, 306 F. 3d at 1066; *Hollis*, 958 F. 3d at 1124.   Williams is not entitled to relief.

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

## CONCLUSION

For the foregoing reasons, the Court concludes that the claims in Grounds One through Four should be denied without an evidentiary hearing. Williams is entitled to relief on claims Five and Nine and the Court should conduct a resentencing on the remaining claims.[5]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right as to the claims raised on Grounds One through Four.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

---

[5] The Court has also reviewed the unsworn "Affidavit of Truth and Facts," dated August 10, 2020 (ECF No. 192) and finds no relief or additional discussion is warranted on the matters raised therein.

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ

483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability as to these claims.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody," as amended, ECF Nos. 178, 186, should be **DENIED in part and GRANTED in part as follows:**

1.  Grounds One through Four of Petitioner's motion should be **DENIED** without an evidentiary hearing, and a certificate of appealability should be denied as to these claims.

2.  Grounds Five and Nine of Petitioner's motion and amended motion respectively, considered jointly, should be **GRANTED**, Petitioner's

sentence and conviction on Count Two should be vacated, and he

should be resentenced.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of May, 2021.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:15cr28/AW/GRJ; 1:19cv59/AW/GRJ