IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

v.  **Case No. 1:15-cr-28-AW-GRJ**
    **Case No. 1:19-cv-59-AW-GRJ**

**CURTIS KENNEDY WILLIAMS,**

    **Defendant.**
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING § 2255 MOTION IN PART**

A jury convicted Curtis Kennedy Williams of kidnapping, brandishing a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm. ECF No. 119. The court sentenced Williams to 525 months total: 405 months for kidnapping, 120 months (consecutive) for the § 924(c) conviction, and 120 months (concurrent) for the felon-in-possession conviction. *Id.* The Eleventh Circuit affirmed. ECF No. 159.

Williams then filed his § 2255 motion, asserting five grounds. ECF No. 178. After the government responded in opposition, ECF No. 182, Williams filed an "Amendment to Pending Motion," ECF No. 186, which the court treated as a motion to amend. The magistrate judge granted that motion in part, concluding that all but one of the new claims were untimely. ECF No. 187. Williams has not challenged that conclusion, but I have nonetheless considered the issue and agree that the remaining claims were untimely.

1

The magistrate judge allowed the amendment as to new ground nine, which asserted that the § 924(c) conviction could not stand because kidnapping was not a crime of violence. *Id.* The magistrate judge ordered the government to respond as to this claim, *id.*, and the government conceded Williams is entitled to relief on this ground—and on ground five of his original motion.[1]

The magistrate judge issued a report and recommendation, concluding that (i) Williams is entitled to relief as to grounds five and nine, (ii) the court should vacate the Count Two conviction and conduct a full resentencing, (iii) Williams is not entitled to relief as to his remaining claims, which should be denied without an evidentiary hearing, and (iv) no certificate of appealability should issue. ECF No. 200. Neither party has filed any objections. Having carefully considered the matter, I now approve the report and recommendation.[2]

## I.

Grounds one, two, and three allege ineffective assistance of counsel. As to ground one, Williams argues that counsel should have objected to certain other-

---

[1] The government earlier opposed relief as to ground five, ECF No. 182, but later withdrew that opposition, ECF No. 188 at 14.

[2] I have reviewed all filings relevant to the § 2255 motion, including (but not limited to) the "Affidavit of Truth and Facts" (ECF No. 183); "Defendant's Response to Government's Opposition in Regards to Motion" (ECF No. 185); "Defendant's Response to Government's Ground Five and Nine Claim to Amend Motion" (ECF No. 189); and another "Affidavit of Truth and Facts" (ECF No. 192).

crimes evidence. I agree with the magistrate judge that Williams has shown neither deficient performance nor prejudice. In ground two, Williams argues that counsel failed to object to leading questions. Here, too, I agree with the magistrate judge that there was no deficient performance; I also find there was no prejudice.[3] The issue in ground three is whether counsel was ineffective for failing to object during closing argument, and I concur with the magistrate judge's conclusion that he was not. It is clear from the transcript that in his rebuttal argument, the prosecutor was addressing defense counsel's failure to respond to the government's arguments—not commenting on Williams's decision not to testify.

In ground four, Williams alleges ineffective assistance at sentencing, contending counsel should have objected to the six-point guidelines enhancement for sexual exploitation. *See* U.S.S.G. § 2A4.1. He has shown no deficient performance because the objection would have been meritless. Williams contends that his offense (raping the kidnapping victim) "was not set forth in 18 U.S.C. 2241 through 2244, 2251, and 2421 through 2423." ECF No. 178 at 8. The pertinent guidelines application note says that "'Sexually exploited' includes offenses set forth

---

[3] In ground two, Williams also asserts that counsel failed to object to another question about "another uncharged crime." ECF No. 178 at 5. This is the same issue as in ground one, and I conclude Williams has not shown deficient performance or prejudice as to this subpart for the same reasons I conclude he cannot succeed on ground one.

3

in 18 U.S.C. § 2241-2244, 2251, and 2421-2423." But by saying those offenses are "include[d]," the application note does not limit the application to those specific offenses. *Cf. United States v. Feliciano-Francisco*, 701 Fed. Appx. 808, 816 (11th Cir. 2017) (affirming application of six-level sexual-exploitation enhancement based on finding that defendant forced victim to perform sex act). Regardless, Williams's offense is covered by 18 U.S.C. § 2422, which precludes coercing an individual to travel in interstate commerce to engage in sexual activity for which any person could be charged with a criminal offense.

In sum, none of Williams's ineffective-assistance claims have merit, and I agree with the magistrate judge that those claims must be dismissed without an evidentiary hearing.

## II.

That leaves grounds five and nine, which challenge the § 924(c) conviction. Count Two of the Indictment alleged that Williams,

> in furtherance of a crime of violence for which [he] may be prosecuted in a court of the United States, that is, kidnapping, as charged in Count One of [the] Indictment, did knowingly possess, brandish, and discharge a firearm . . . [i]n violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

ECF No. 1.

As the government acknowledges, the Eleventh Circuit has held that kidnapping under 18 U.S.C. § 1201(a)—the statute of Williams's Count One

4

conviction—is not a "crime of violence" because it does not require physical force. *United States v. Gillis*, 938 F.3d 1181, 1205-06 (11th Cir. 2019). That case addressed 18 U.S.C. § 373—not § 924(c)—but it is nonetheless useful here. Section 924(c)'s elements clause requires a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." And if kidnapping can be committed without physical force (as *Gillis* holds), it stands to reason that it does not satisfy the § 924(c) elements clause. Other circuits have explicitly held this. *See, e.g., United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019) ("[B]ecause both requirements of 18 U.S.C. § 1201(a) may be committed without violence, kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)."); *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019); *see also Williams v. United States*, 985 F.3d 813, 820 (11th Cir. 2021) ("It is possible—maybe even highly likely—that we would hold today that federal kidnapping does not satisfy the elements clause of the ACCA." (citing *Gillis*)).

Thus, Williams's kidnapping conviction cannot support his § 924(c) conviction under the elements clause.[4] And the residual clause cannot help either. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (finding § 924(c)(3)(B)

---

[4] The government has affirmatively waived any procedural or timeliness defenses. ECF No. 188 at 4 n.2.

unconstitutionally vague). Williams's § 924(c) conviction and sentence will be vacated, and the court will resentence him on the remaining counts.

## III.

Williams has two pending motions to dismiss the indictment. His first (ECF No. 201) argues the court lacks jurisdiction because there was no evidence as to one of the elements of kidnapping. Even if there were insufficient evidence to support the conviction, that would not mean the court lacked jurisdiction to hear his case. And to the extent I treat this motion as one for leave to amend the § 2255 motion, the request comes too late.

The second motion (ECF No. 204) seems to argue that Congress lacked authority to enact the kidnapping statute under which Williams was convicted. This, too, is an untimely claim. It is also meritless.

Both motions to dismiss will be denied.

## IV.

I now adopt the report and recommendation (ECF No. 200) and incorporate it into this order. The clerk will enter a judgment that says, "The § 2255 motion is granted in part and denied in part. Williams's conviction and sentence as to Count 2 are set aside. The § 2255 motion is denied on the merits as to all remaining claims. The court will resentence Williams as to Counts 1 and 3."

A certificate of appealability is DENIED.

The motion to expedite (ECF No. 202) is DENIED as moot.

The motions to dismiss the indictment (ECF Nos. 201, 204) are DENIED.

By separate order, I will appoint counsel to represent Williams at resentencing.

SO ORDERED on August 11, 2021.

s/ *Allen Winsor*
United States District Judge
