UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 1:15cr28/AW/ZCB
   1:22cv219/AW/ZCB

CURTIS KENNEDY WILLIAMS

## REPORT AND RECOMMENDATION

Defendant Curtis Kennedy Williams, proceeding *pro se*, has filed a document titled "seeking permission to file a second or successive 18 U.S.C. § 2255 motion to vacate, set aside, or dismiss conviction." (Doc. 268).

The Court denied a prior motion filed by Defendant that challenged his underlying criminal conviction based on lack of subject matter jurisdiction. (Doc. 265). That order advised Defendant that the appropriate mechanism for raising a post-conviction challenge to his conviction in this Court would be a § 2255 motion. (*Id.*). The Court further informed Defendant that if he "seeks § 2255 relief, he should file a paper explicitly saying so." (*Id.*). Defendant subsequently filed a motion indicating that he was "seeking permission to file second (or) successive 18 U.S.C. § 2255 motion to vacate, set aside, or dismiss conviction." (Doc. 268). The Clerk of Court docketed Defendant's current motion as a "motion to file second or successive 2255 motion" (Doc. 268), as well as a "motion to vacate under 28 U.S.C.

1

§ 2255" (Doc. 269).  Defendant is not entitled to relief for the reasons explained below.

First, although captioned as a motion for permission to file a second or successive § 2255 motion, it does not appear that Defendant is seeking to file a second or successive § 2255 motion.  The Court entered a Second Amended Judgment in this case on April 4, 2022.  (Doc. 233).  When Defendant filed the current motion, he had not yet filed an initial § 2255 motion challenging the Second Amended Judgment.  Thus, his current motion would not be a second or successive § 2255 motion even though he may have previously filed a § 2255 with respect to an earlier Judgment.  *See, e.g.*, *Rocha v. Secty., Fla. Dep't of Corrections*, 692 F. App'x 576, 578 (11th Cir. 2017) (explaining that "when a habeas petition is the first to challenge a new judgment, it is not second or successive, regardless of whether its claims challenge the sentence or underlying conviction") (cleaned up).   Even if Defendant had filed an initial § 2255 motion filed relating to the Second Amended Judgment, this Court would not be the proper forum for seeking permission to file a second or successive § 2255 motion.  Rather, it is the Eleventh Circuit that must authorize a district court to consider a second or successive § 2255 motion.  *See* 28 U.S.C. § 2255(h); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (stating that "before a second or successive motion or petition is filed, the

petitioner first must obtain an order from the court of appeals authorizing the district court to consider it").

Second, to the extent that Defendant intended his motion to be an initial § 2255 motion, it is not properly before the Court. Defendant filed a direct appeal of his Second Amended Judgment, which was assigned Eleventh Circuit Case Number 22-11157. (Doc. 235). That case remains pending with the Eleventh Circuit. (Eleventh Circuit Case No. 22-11157).[1] This Court, therefore, lacks jurisdiction to consider a § 2255 motion filed by Defendant at this time. *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001) (holding that "the district court lacked jurisdiction to consider and rule on [the defendant's] § 2255 motion during the pendency of her direct appeal"). Therefore, if Defendant intended the current motion to be an initial § 2255 motion, then it is not properly before the Court.[2]

Defendant has also filed another "Petition to Dismiss Indictment for Lack of Subject Matter Jurisdiction" (Doc. 271) as well as two documents titled "Motion to Expedite" ruling. (Docs. 272, 273). Due to the pending appeal, this Court lacks

---

[1] According to the Eleventh Circuit's docket, Defendant's brief is currently due on December 8, 2022.
[2] Dismissal of the instant motion should not prevent Defendant from later seeking collateral review under § 2255 if his direct appeal is unsuccessful. He will be constrained only by the limitations period set forth in 28 U.S.C. § 2255.

3

jurisdiction to consider Defendant's claims. Therefore, it is recommended that these motions also be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The "Motion Seeking Permission to File a Second or Successive 18 U.S.C. § 2255 motion," construed as a motion to vacate, set aside, or dismiss conviction under 28 U.S.C. § 2255, (Doc. 269) be **DISMISSED without prejudice**.

2. The "Petition to Dismiss Indictment for Lack of Subject Matter Jurisdiction" (Doc. 271) be **DENIED**.

3. The "Motions to Expedite" (Docs. 272, 273) be **DENIED**.

At Pensacola, Florida this 14th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**