IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case Nos. 1:15-cr-028-AW-ZCB
  1:22-cv-219-AW-ZCB

CURTIS KENNEDY WILLIAMS,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the court is the magistrate judge's report and recommendation. ECF No. 274. Having considered the report and recommendation, and having considered de novo the issues Williams raised in his objections (ECF No. 276), I now adopt the report and recommendation.

Curtis Kennedy Williams was partially successful with an earlier § 2255 motion. One count was vacated, and the court resentenced Williams on the remaining counts. A new judgment issued, and that new judgment is on appeal. In the meantime, Williams has repeatedly challenged his conviction here, asserting (among other things) that the court lacked jurisdiction over him and that there was insufficient evidence to support his convictions.

In an earlier order denying one of Williams's motions to dismiss, I indicated that because he challenged the validity of his conviction, the appropriate vehicle was § 2255. ECF No. 265. I further stated that while I would ordinarily treat his motion

1

as one seeking § 2255 relief, giving him notice and an opportunity to withdraw the request, I would not do so because Williams had previously insisted that the court *not* construe various of his postconviction motions as seeking § 2255 relief. *Id.* (citing ECF No. 218 at 3; ECF No. 224; ECF No. 251).

Williams then filed a motion for leave to file a second or successive § 2255 motion. ECF No. 269. As the magistrate judge explained, when a defendant needs permission to file a second or successive § 2255 motion, that permission must come from the Circuit Court—not from this court. But as the magistrate judge also explained, Williams needs no such permission because he has not previously filed a § 2255 motion against the *new* judgment. *See also* ECF No. 270 (Circuit Court order explaining that "Williams does not need our permission to file another § 2255 motion because any § 2255 motion would not be 'second or successive'").

Thus, the magistrate judge treated the motion for permission as a new § 2255 motion. But as the magistrate judge concluded, this court lacks jurisdiction to consider a § 2255 petition while a direct appeal of the judgment is pending.

In his objections, Williams seems to argue that this court erred in waiting until there was a new judgment before addressing his request to dismiss the case. He quotes my discussion at the sentencing hearing, during which I explained that he could raise § 2255 claims after the new judgment issued. And that is true: he can. Just not while a direct appeal is pending.

If Williams is saying the court should have addressed new § 2255 claims before the new judgment issued, that ship has sailed. But at any rate, before the new judgment entered, any new § 2255 motion would have been second or successive and would have required Circuit Court permission. Williams did not have that permission, so dismissal would have been the only option.

I adopt the report and recommendation (ECF No. 274). The motion "Seeking Permission to File a Second or Successive [28] U.S.C. § 2255 motion," construed as a § 2255 motion to vacate, set aside, or dismiss (ECF No. 269) is DISMISSED without prejudice. The "Petition to Dismiss Indictment for Lack of Subject Matter Jurisdiction" (ECF No. 271) is likewise DISMISSED without prejudice. The "Motions to Expedite" (ECF Nos. 272, 273) are DENIED. The clerk will administratively close the case.

SO ORDERED on December 9, 2022.

s/ *Allen Winsor*  
United States District Judge